Robert F. Mahoney, M.
A summons for violation of section 147 of the Sanitary Code of the City of New York was served upon the defendant Weiner, by a department of health inspector. The formal written complaint against the defendant required by section 116 of the New York City Criminal Courts Act, after service of a departmental summons, was sworn to by the inspector on the return day of the said summons. His affidavit as to the required personal service o'f the summons was annexed to the complaint. It was indicated by a statement and signature of a Magistrate that the defendant had been duly arraigned upon the charge. The case had been adjourned a few times and no plea recorded.
The case and three “ companion cases ” for similar violations on other dates, at the same premises, against other defendants, appeared on today’s calendar. One of the four persons answering the charges immediately made an oral motion that a restaurant operating corporation, the employer of the defendants and owner of the premises where the alleged violations occurred, be made ‘' substitute defendant ’ ’ for the named defendants in the cases, all of whom were present.
The People, through the Corporation Counsel of the City of New York, offered to accept such “ substitute corporate defendant ” upon condition that the corporate defendant plead guilty to each of the charges. The offer was not accepted and the court was urged to grant the motions without entry of any plea and to further adjourn the cases.
The court requested the legal authority for such procedure. The People frankly stated that there was no legal authority for it; that in the past couple of years, the practice has *796 developed in the Municipal Term Parts of the Magistrates’ Courts and is recognized by some magistrates. The maker of the motions stated that his similar motion previously, in one of these cases, viz., Barney Hanover, defendant, Docket No. 7365, had been granted. That substitution was made by a memorandum on the complaint, as follows:
“ Jack Dempsey Punch Bowl, Inc. substituted at his own request and on his consent waives all rights as to prior notice and service. Substituted defendant agrees that all facts and evidence applicable to original defendant shall be applicable and binding on him.”
(Magistrate’s signature and date.)
A disagreement arose as to the plea made at the time of the “ substitution ” necessitating reference of the matter to the then presiding Magistrate. It developed at this point that the president of the so-called “ substitute corporate defendant ” who made the above-described motions for the defendants was not an attorney at law. He was disassociated from further participation herein since a corporation may only be represented by an attorney at law before the courts. (People v. Perfecto Chem Co., 123 Misc. 443.)
The consent of the People to accept the “ substitute defendant ” with, of course, the accompanying “ memorandum ” as in the Hanover case cannot be accepted by the court.
It is Hornbook law that the Magistrates’ Courts jurisdiction, powers and essential procedure are conferred by statute.
Its summons issued upon an oral or written information shall he served upon the person charged with a crime or offense by the complainant, or by a peace officer, or by another person designated by the magistrate to make such service. (N. Y. City Crim. Cts. Act, § 116.)
Departmental summons, issued in blank, attested in the name of the Chief City Magistrate, shall have force and effect only Avhen filled in and countersigned by the issuing police officer or other peace officer in the city of New York, and served upon the defendant. (N. Y. City Crim. Cts. Act, § 116, subd. h.)
A corporation can only be brought before the courts by a summons, directed to a corporation, issued by a magistrate, signed by him, and, among other things, fixing a time for appearance not less than 10 days after the issuing of the summons, served at least 5 days before the day of appearance fixed in the summons, by delivering a copy to a specified officer upon showing the original to him. (Code Crim. Pro., §§ 675, 677.)
*797 The only exception to the foregoing provision is fixed by statute to wit: “ When an indictment shall have been filed against a corporation, it may voluntarily appear and answer the same by counsel duly authorized to so appear for it (Code Crim. Pro., § 681; People v. Perfecto Chem Co., 123 Misc. 443, supra.)
It is unnecessary, now, in view of the foregoing citations and sections of law, for the court here to give consideration to the questions of law and public policy involved in the “ substitution ” of defendants and the provisions of the “ substitution consent memorandum ” required in connection with such “ substitution ” as in the Hanover case (supra).