Stephen S. Scopas, M.
On Sunday, December 15, 1957, a patrolman employed by the City of New York entered the first-floor loft occupied by the Reliable Clothing Manufacturers, Inc., located on Fifth Avenue, between 16th and 17th Streets. The complaining officer found only one man on the premises, to wit: the defendant, who was working in the rear of the loft premises, cutting material for a pair of trousers.
*586 The officer further testified that he had not been attracted to the defendant’s place of business because of any noise emanating therefrom, nor was there any machinery in operation therein. While there was some confusion as to what happened, the facts can easily be reconstructed from all of the testimony. However, the uncontroverted fact remains that the Reliable Clothing Manufacturers, Inc., is engaged in a wholesale trouser business, and that the defendant is the president of said corporation.
When the officer first evinced his interest in the purchase of a pair of trousers, the defendant replied, “ No, I do not sell them ”. It may be inferred that the officer first received this answer because the defendant’s firm does not generally sell to the public, and not because it was Sunday. The complaining officer persisted in his quest for a pair of trousers, and, finally, according to his testimony, the defendant showed him a pair of trousers and asked if they would do. The officer then asked the price, and the defendant replied, “ $7.45 ”. The complaining officer then identified himself and issued a summons.
The officer was confused as to whether he issued the summons for a violation of section 2147 of the Penal Law (public traffic on Sunday) or for a violation of section 2143 of the Penal Law (labor prohibited on Sunday). The police department maintains that it was for a violation of section 2147 of the Penal Law.
The fact that the defendant was an officer of a corporation does not constitute a bar to his prosecution in the instant case. In People v. Klinger (164 Misc. 530, 533) the court said of such a defense: “ Corporate officers may be criminally liable for their own acts although performed in their official capacity as such officers. (People v. Cooper, 200 App. Div. 413; 3 Fletcher on Corporation, p. 877.)”
The fact that the summons referred to a violation of section 2142 or any other section in lieu of section 2147 of the Penal Law is immaterial and irrelevant. As recently as July, 1957, in the case of People v. Scott (3 N Y 2d 148, 150-151), the Court of Appeals affirmed the principle that a summons is merely a notice to come to court so that an investigation may be made with regard to a charge made against a person. In that ease, the court said: ‘ ‘ From the form of the * * * summons * * * it is clear that it is not intended to fulfill the function of an information. * * * rather, it is a notice to him to appear in a given court on a given day, at which time and place he will be charged with a specific crime ”.
*587 In the instant case the complaint charges the defendant with a violation of section 2147 of the Penal Law, and the case is properly before the court on that charge.
Testimony was offered that the defendant uniformly keeps Saturday as his holy time and does not labor on that day. Section 2144 is a defense to a prosecution under section 2143, but this exception does not apply to merchants who keep Saturday as a holy day, and do business on Sunday in violation of section 2147. Therefore, the testimony as to defendant’s observance of another day as his holy time is immaterial.
The only question before the court is whether or not the offer of the defendant to sell a pair of trousers to the complaining officer constitutes a violation of section 2147 of the Penal Law. The introductory caption to section 2147 of the Penal Law, to wit: ‘ ‘ Public traffic on Sunday” is a key to the true spirit, intent, and meaning of this law. Moreover, our penal statutes should be strictly construed and interpreted to conform to the design sought to be accomplished by such laws. There must be a public selling, or offering for sale, to come within the purview of this section.
Under Eberle v. Mehrbach (55 N. Y. 682) a private transaction occurring between the parties, “ without attracting the attention of other persons ” does not constitute a violation of the Sabbath Law. There is no doubt from the testimony herein that the loft premises were not open to the public. There was no exposure of the goods for public use. (O’Shea v. Kohn, 33 Hun 114, affd. 97 N. Y. 649; Batsford v. Every, 44 Barb. 618; Miller v. Roessler, 4 E. D. Smith 234.)
Accordingly, defendant’s motion to dismiss, at the close of the entire case, on the ground that the People have failed to prove his guilt beyond a reasonable doubt, is granted. Defendant is found not guilty and ordered discharged.