Frank H. Connelly, J.
Defendant, appearing “ specially ”, moves to vacate the service of the summons upon it because of supposed irregularities in its contents and mode of service.
Except for the possible sanction of a $25 fine (Code Grim. Pro., § 150), a Criminal summons may be disregarded by an individual defendant for, unlike a civil summons, its service does not confer jurisdiction over his person (People v. Levins, 152 Misc. 650; People v. Marchetti, 154 Misc. 147; People v. Le Bous, 29 Misc 2d 850). That is accomplished by obtaining the defendant’s physical presence before the Bench, whether he be brought there by force arid arms under a warrant of arrest, or by self-locomotion in response to the invitation of the summons. (People ex rel. Mertig v. Johnston, 186 Misc. 1041.) Since the service of the summons, without more, accomplishing nothing, it is relatively unimportant how it was served or what its contents are.
But in the casé of a corporate defendant, the service of the criminal summons confers jurisdiction in personam, for the pertinent statute (Code Grim. Pro., § 681) provides that “ if the corporation does hot appear in the manner and at the time and place specified in the summons, judgment must be pronounced against it.” (Cf. People v. Perfecto Chem. Co., 123 Misc. 443.)
The form and mode of service of a criminal summons may therefore become Important when the defendant is a corporation.
Contrary to the defendant’s assertion, however, there is no requirement that ¡the summons specify the place or time of the offense, or do more than briefly describe its nature (Code Crim. *423 Pro., §§ 676, 681, 150). That has been done. The rest appears in the filed information.
If the defendant wishes to traverse the service of the summons, that issue will be tried on March 14,1964. Otherwise the defendant’s motion to vacate the summons will be denied at that time, and the defendant will be expected to appear generally, to enter its plea to the charge, or stand convicted by default (Code Grim. Pro., § 681, subd. 2).