I. Stanley Rosenthal, J.
Defendant moves to dismiss the information as against the corporate defendant and the individual defendant, alleging that the information is unlawful and invalid for the failure to serve a corporate defendant pursuant to section 675 of the Code of Criminal Procedure.
The motion raises the question of jurisdiction. Jurisdiction, powers and essential procedure are conferred by statute. (People v. Weiner, 3 Misc 2d 794.) A corporation can only be brought before the court by a summons properly served. Where the record is wholly devoid of any proof that the service of summons was made according to the requirements of a statute, or that any counsel duly authorized appeared on behalf of the corporation, the entry of judgment against the corporation would be without due process of law and in violation of the Fourteenth Amendment of the Constitution of the United States. (People v. Perfecto Chem. Co., 123 Misc. 443.)
Apparently, defendant corporation was served in a manner other than that provided by statute. The Marshal’s affidavit states merely that he served a bartender who was in charge of *575 the premises. This does not appear to comply with the manner of service provided for in section 677 of the Code of Criminal Procedure. The manner of service provided therein requires that a copy be delivered and the original shown to the president, or other head of the corporation, or to the secretary, cashier or managing agent thereof. The Marshal does not state that the original was shown to any of the afore-mentioned parties nor does it appear the bartender was the president, or other head of the corporation, secretary, cashier or managing agent.
As the service did not comply with the requirements of section 677 of the Code of Criminal Procedure, it is clear that there is no jurisdiction over the corporation. The only exception is when the corporation voluntarily appears and answers the same by counsel duly authorized to appear for it. (People v. Weiner, supra [emphasis mine].)
Under the circumstances, the information should not be dismissed. The purported service of the summons on the corporation is, however, vacated. Proper service upon the defendant corporation may be made unless the corporation decides to voluntarily appear through its attorney without further service.
The next question that arises is whether the individual defendant may still be tried without the corporation being a defendant. An officer or agent of a corporation who commits a crime is individually liable therefor without regard to whether the corporation is also liable for his crime. (1 Wharton, Criminal Law and Procedure, § 54.) The fact that defendant is an officer of a corporation does not constitute a bar to his prosecution. (People v. Oser, 9 Misc 2d 585.) Corporate officers may be criminally liable for their own acts although performed in their official capacity as such officers. (People ex rel. Belleci v. Klinger, 164 Misc. 530. )
If there is no dispute the man is actually conducting the business and he is apparently the man in charge, he cannot escape responsibility for a crime by pleading agency. (People v. Cooper, 200 App. Div. 413.) Where a statute prohibits the doing of an act by a class of persons and makes any violation of the act a misdemeanor, all active participants in such violation are equally guilty be they directors or other agents of or servants of the corporation. While a corporate officer, without regard to his position, is ordinarily not liable for corporate acts performed by other officers or agents of the corporation, nevertheless, he is answerable where sdenter or authority on his part is established or when he is the actual, present, and efficient actor behind the corporation. (People v. Klinger, supra.)
*576 A further question is posed as to whether the individual defendant may escape criminal responsibility by asserting that the corporation only is responsible because of the use of the term “ retailer” under section 100 of the Alcoholic Beverage Control Law. Subdivision 26 of section 3 of the Alcoholic Beverage Control Law defines a retailer as: “ any person who sells at retail any beverage for the sale of which a license is required under the provisions of this chapter.”
Subdivision 22 of section 3 of the Alcoholic Beverage Control Law defines a person as: “an individual, copartnership, corporation, society or joint stock company.”
To hold that the act would free all individuals would defeat the very object of the act. Mr. Justice Frankfurter in United States v. Dotterweich (320 U. S. 277, 281), a case before the Supreme Court of the United States concerned with the liability of a corporate officer for criminal acts, said as follows: “It specifically defines ‘ person ’ to include ‘ corporation. ’ * * * But the only way in which a corporation can act is through the individuals who act on its behalf. New York Central & H. R. R. Co. v. United States, 212 U. S. 481. And the historic conception of a ‘ misdemeanor ’ makes all those responsible for it equally guilty, United States v. Mills, 7 Pet. 138, 141.”
In People v. Smith (190 Misc. 871, 876) where president of a membership corporation avoided individual liability because the corporation was in fact a membership corporation, the court in strong dicta said: “ If this had been a business or trade corporation organized for profit as if the defendant, as its president, had had an * * * interest in the success of its commercial ventures, he would indeed be liable, * * * This result would prevail even though he were not the principal beneficiary of the corporation’s profits.”
The court characterized as “too narrow” the defendant’s contention that punishment for violation of this statute might be visited only upon the corporation and further stated (p. 874): “ if followed, [it] would in many instances afford immunity to the chief offenders, the officers of the corporation, without whose assistance it would be impossible for the corporation to engage in the prohibited business.”
A corporation can act alone through its officers and agents, and where the business itself involves a violation of the law, the correct rule is that all who participate in it are liable. (People v. Smith, supra.)
The Court of Appeals of this State has said: “ A corporation, however, is a mere conception of the legislative mind. It exists only on paper through the command of the legislature that its *577 mental conception shall be clothed with power. * * * Inanimate and incapable of thought, action or neglect, it cannot hear or obey the voice of the legislature except through its directors. It can neither act nor omit to act except through them. Hence a command addressed to a corporation would be idle and vain unless the legislature in directing the corporate body, acting wholly by its directors, to do a thing required or not to do a thing prohibited, meant that the directors should not make or cause the corporation to do what was forbidden, or omit to do what was directed.” (People v. Knapp, 206 N. Y. 373, 381.)
Where there was a murky factual situation with no evidence the defendant participated in an unlawful or criminal act either directly or indirectly so that the corporate acts may have been performed by another corporate officer, or an employee or stranger, an indictment was dismissed as to the individual corporate officer. (People v. Dalsis, 5 A D 2d 28.) The court did suggest, however, that if there was evidence the defendant did participate directly or indirectly it would not have dismissed as to the corporate officer.
It thus appears well settled where a corporate officer has participated in a misdemeanor he will be held individually liable. If it should appear that the officer did not participate but that other officers were responsible, the charges against him should be dismissed. This determination can only be reached after trial.
The further question is presented as to whether the appearance by counsel for the corporation would subject the corporation to jurisdiction in personam. Subdivision 3 of section 681 of the Code of Criminal Procedure states as follows: “ Nothing contained in this section shall be construed as preventing the appearance of a corporation by counsel to answer an indictment, without the issuance or service of the summons as above provided. And when an indictment shall have been filed against a corporation it may voluntarily appear and answer the same by counsel duly authorized to so appear for it; in which ease the court acquires full jurisdiction over the corporation in the same manner as if the summons had been issued and served.”
Defendant’s counsel in this case came before the court and moved orally to dismiss the information. The motion was denied without prejudice subject to defendant’s counsel submitting his motion in writing. Defendant’s counsel thereafter submitted a motion.to dismiss the information in which he objected to the manner of service upon the corporation.
Where a defendant appeared specially and moved to .vacate service, a court permitted the defendant to traverse the service *578 of the summons. In People v. Consolidated Edison Co. (42 Misc 2d 422) the court stated:
“ Since the service of summons, without more, accomplishing nothing, it is relatively unimportant how it is served or what its contents are.
“ But in the case of a corporate defendant, the service of the criminal summons confers jurisdiction in personam * # * The form and mode of service of a criminal summons may therefore become important when the defendant is a corporation.”
In People v. Equitable Gas-Light Co. (5 N. Y. S. 19, 21) the court denied a motion to set aside the indictment; however, the dicta therein are important. The court said: “ I entertain very grave doubt as to the power of the court to proceed without notice to the defendant, to the final disposition of the case, even though the proceedings had been instituted by information, and not by indictment. The Code, as already stated, requires in all eases that a defendant after indictment * * * must appear in person, if he is charged with a felony, or in person or by counsel, if a misdemeanor, * # * be accorded an opportunity to answer, move to set it aside, demur, or plead thereto, before any other proceeding can be had upon the indictment.”
The motion to dismiss the information with respect to the individual defendant is denied.
Although the corporate defendant’s counsel moved to dismiss the information instead of seeking to vacate the service it appears that he has made a timely objection to the jurisdiction of the court, and service against the defendant corporation is vacated for failure to comply with section 677 of the Code of Criminal Procedure.