Alfred D. Lerner, J.
This is a trial of indictments for violations of sections 359-fff and 359-g of the General Business Law. Defendants are accused, in effect, of operating a "pyramid” financing scheme.
At the conclusion of the People’s case, defendants moved for a trial order of dismissal, pursuant to CPL 290.10, upon the ground that the People have failed to produce sufficient evidence upon their direct case to, prima facie, establish all of the elements necessary to submit these charges to a jury.
Legally sufficient evidence has been defined as "competent evidence which, if accepted as true, would establish every element of an offense charged” (CPL 70.10).
The court finds, as a matter of law, that the People have met the burden of producing sufficient evidence on their direct case to mandate the denial of this motion.
Subdivision 2 of section 20.20 of the Penal Law, as applicable herein, states that a corporation is guilty of an offense when:
"(b) The conduct constituting the offense is engaged in, authorized, solicited, requested, commanded, or recklessly tolerated by the board of directors or by a high managerial agent acting within the scope of his employment and in behalf of the corporation; or
"(c) The conduct constituting the offense is engaged in by an agent of the corporation while acting within the scope of his employment and in behalf of the corporation and (i) the offense is a misdemeanor or a violation, or (ii) the offense is one defined by a statute which clearly indicates a legislative intent to impose such criminal liability on a corporation.”
There can be little doubt that section 359-fff of the General Business Law falls within the above-described guidelines, and *506 in this case of first impression, the court so rules as a matter of law.
The testimony of the People’s witnesses discloses that agents of the corporate defendant, Dollar Savers Association, acting within the scope of their employment, engaged in conduct which, if believed by a jury, would constitute the offenses charged in the indictment.
The testimony of sales meetings held at the Sheraton Inn in Queens County, and the roles played by defendants Tucker and Tanner, the letters bearing what purports to be a signature of defendant Conti, as president of the corporate defendant, all of the other documents admitted into evidence — all of this, if accepted by the jury, are sufficient to establish the acts of the agents requisite to imputing corporate liability under this statute.
The broad principle is well established "that a corporation may be liable criminally for the acts of its agents in doing things prohibited by statute.” (People v Canadian Fur Trappers Corp., 248 NY 159, 162.)
Section 20.25 of the Penal Law states that: "A person is criminally liable for conduct constituting an offense which he performs or causes to be performed in the name of or in behalf of a corporation to the same extent as if such conduct were performed in his own name or behalf.”
Obviously, this section eliminates the possibility that a culpable defendant might evade criminal responsibility simply because he was acting in a corporate capacity or in the interests of a corporation. The corporate veil can be pierced, if appropriate, in criminal as well as civil cases. The culpable actor can no longer hide behind a corporate curtain.
The testimony of the People’s witnesses, if accepted, supports the conclusion that defendant Conti’s position with Dollar Savers Association was that of a "high managerial agent” under section 20.20 of the Penal Law. Indeed, it is conceded that he was president of the said corporate defendant.
The actions attributed by the People’s witnesses to defendant Conti, if believed by the jury, are sufficient to connect him (Conti) to the corporate codefendant • and to his individual codefendants.
One of the People’s witnesses recounted conversations with defendant Conti wherein it is alleged that Conti asserted the *507 legality of the corporation’s endeavors. A letter dated October 1, 1974 and signed by a signature purporting to be that of the defendant, Conti, states:
"You have purchased a valuable membership with a growing corporation that in every way is concerned about the consumer and putting dollars in the consumer’s pocket.
"You also have the right to work our business and earn extra income if you so desire. DSA is here to stay and will in fact become one of the largest corporations in the United States in the next few years. The land of great and free enterprise.”
The defendants Tucker and Tanner have been linked to the corporation’s alleged chain distribution or pyramid scheme, through the testimony of all three of the People’s witnesses.
The defendants, in their argument upon this motion, have raised the defense of a mistake of law as defined by section 15.20 of the Penal Law. The issue of whether the People have established, prima facie, sufficient evidence to support the offenses charged in the indictment cannot turn on this purported defense.
The defendants also assert that two of the People’s witnesses, Zarello and Vitiello are coconspirators, whose testimony requires corroboration.
The People did produce one other eyewitness to a sales presentation by defendants Tucker and Tanner. However, the necessity for corroboration in the instant case is uncertain at best. In Gebardi v United States (287 US 112), the principle has been enunciated that one who is a member of a protected class set forth in a statute (i.e., § 359-fff) cannot be considered an accomplice.
The defendants have also indicated that a defense in the nature of entrapment will be asserted. This, of course, would be an affirmative defense, and is premature and not relevant on the issue at hand.
Additional argument to the effect that certain defendants were unaware of the activities of their codefendants is without merit. The defendants are charged with acting in concert. It is not necessary for the People to establish that each of the defendants knew about or took part in each and every aspect of the alleged criminal conduct with which they are all charged. The question of each one’s participation, culpability and criminal responsibility, if any, is for the jury to resolve.
*508 Defendants’ motions are denied.