■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILBUR SOBEL, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Leahy, J.), dated May 15, 1981, which granted defendant's motion to dismiss the indictment. Order reversed, on the law, motion denied, indictment reinstated, and case remitted to Criminal Term for further proceedings consistent herewith. The evidence presented to the Grand Jury indicated that defendant, an employee of a corporation which had contracted to launder pillows and sheepskins for Long Island Jewish Hospital, caused the hospital to be billed for the cleaning of a quantity of pillows and sheepskins substantially greater than the quantity actually laundered. The Grand Jury also heard testimony that defendant was observed returning dirty pillows to the hospital which, moments earlier, he had taken from the hospital to be cleaned, and that defendant then charged the hospital for their laundering. The Grand Jury indicted defendant on a charge of grand larceny in the third degree. His motion to dismiss the indictment was subsequently granted. Defendant asserts that the evidence presented to the Grand Jury was insufficient to show criminal intent. This assertion is incorrect. Defendant was observed returning dirty pillows which he charged the hospital for cleaning. Furthermore, the quantity of pillows and sheepskins for which he billed the hospital over and above the quantity actually laundered was so substantial as to be consistent only with criminal intent, and not with negligent mistake. This case is to be distinguished from *People v Yonkers Contr. Co.* (17 NY2d 322) insofar as that case related to the engineers. The engineers there merely passed on to the State fraudulent statistics submitted to them by the construction company, apparently without actual knowledge that the statistics were fraudulent. Here, however, there was evidence that defendant consciously and intentionally participated in a larceny by false promise (see Penal Law, § 155.05, subd 2, par [d]). Defendant also argues that the indictment was properly dismissed in that there was no evidence that he, as opposed to his corporation, stood to gain by his actions. We note that all checks paid by the hospital for the cleaning of pillows and sheepskins were indeed payable to the corporation. Nonetheless, section 20.25 of the Penal Law provides that "[a] person is criminally liable for conduct constituting an offense which he performs or causes to be performed in the name of or in behalf of a corporation to the same extent as if such conduct were performed in his own name or

behalf." While we cannot say that defendant committed this offense "in the name of" his corporation (cf. *People v Sakow,* 45 NY2d 131; *People v Dean,* 48 AD2d 223), the offense benefited the corporation, and hence, was committed "in [its] behalf" (see *People v Aquarian Age 2000,* 85 Misc 2d 504; *Fratis v Fireman's Fund Ins. Co.,* 56 Cal App 3d 339). Accordingly, as the evidence presented to the Grand Jury was sufficient, if accepted as true, to establish every element of the offense charged, the indictment should not have been dismissed (see *People v Warner-Lambert Co.,* 51 NY2d 295). Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.