■ In the Matter of JOSEPH BALTER, as Assistant Public Defender of Monroe County, Petitioner, v JOHN M. REGAN, as Judge of the City Court of Rochester, Respondent. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In this proceeding pursuant to CPLR article 78 we confirm the determination of Rochester City Court finding petitioner in contempt for willful disobedience to its lawful mandate (Judiciary Law, § 750, subd A, par 3). Because no substantial evidence question was presented, this matter was improperly transferred to this court (CPLR 7803, subd 4; 7804, subd [g]). However, as the record is sufficient for us to review the determination, we are required in the interest of judicial economy to reach the merits (*Matter of 125 Bar Corp. v State Liq. Auth.*, 24 NY2d 174, 180; *Matter of Circle Cts. v Lane*, 29 AD2d 620). Although it is clear from the record that petitioner acted in good faith and that there was a valid basis for his belief that he was faced with a conflict of interest, that fact did not relieve him of the obligation to obey a lawful mandate of the court. "The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.' [citation omitted] * * * Such orders must be complied with promptly and completely, for the alternative would be to frustrate and disrupt the progress of the trial with issues collateral to the central questions in litigation" (*Maness v Meyers*, 419 US 449, 459). The order was a valid exercise of the court's jurisdiction (cf. *Matter of Kavanagh v Vogt*, 58 NY2d 678), and was not otherwise void on its face. Consequently, it was incumbent upon petitioner to obey the order and, if it constituted error, to pursue his remedy through the appellate process (see *Maness v Meyers, supra*, pp 458-460; *Margulies v Margulies*, 42 AD2d 517, app dsmd 33 NY2d 894; 21 NY Jur 2d, Contempt, § 30; Ann., 12 ALR2d 1059, 1107-1115). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Tillman, J.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.

■ In the Matter of JEFF SINCLAIR, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. — Judgment unanimously reversed and matter remitted to Supreme Court, Wyoming County, for further proceedings, in accordance with the following memorandum: Special Term erred in refusing to sign petitioner's order to show cause and declining to consider his CPLR article 78 petition on the ground that the allegations "did not rise to the level sufficient to justify judicial intervention." Petitioner, an inmate at Attica Correctional Facility, claims that the adjustment committee of that facility improperly deprived him of exercise for 10 days as a sanction in contravention of 7 NYCRR 301.5 (b), which provides: "[E]very inmate shall be permitted to exercise outside of his cell for at least one hour each day". Respondent argues that the regulation applies only to inmates in special or segregated housing or confined to their cells and thus did not affect petitioner, who was in the general population. One court has agreed with petitioner's interpretation of the regulation as applying to all inmates (see *Matter of Bowe v Smith*, 119 Misc 2d 453). An administrative agency is bound by its own regulations (see *Matter of Frick v Bahou*, 56 NY2d 777) and the proceeding, alleging that respondent failed to comply with 7 NYCRR 301.5 (b), should not have been handled summarily (cf. *Matter of Salinas v Henderson*, 40 AD2d 939). Petitioner is entitled to a determination on the merits on his claim. (Appeal from judgment of Supreme Court, Wyoming County, Kane, J. — art 78.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.