OPINION OF THE COURT
Dorothy Chin Brandt, J.
Defendant moves for dismissal of the informations herein, which charge various and continuing violations of the provisions of the Administrative Code of the City of New York. More particularly, the violations refer to safety regulations and procedures applicable, pursuant to the Administrative *354 Code, to elevators located within a commercial premises known as 85 North 3rd Street, Brooklyn, Kings County, New York (hereinafter the Premises).
Defendant supports his motion for dismissal with an affidavit dated February 17, 1988 (hereinafter Defendant’s Affidavit), wherein defendant offers apparently contradictory defenses, to wit: (a) that he has "no individual involvement” with the Premises (Defendant’s Affidavit, at 1); and (b) that the Department of Buildings has failed to serve him, either "personally” or by the "post and mail” method, with notice of the violations alleged, and that therefore the Department has failed to comply with Administrative Code requirements regarding notice (Defendant’s Affidavit, at 2, 3). In the interests of clarification and just resolution, this court will address each of defendant’s arguments alternatively.
The papers submitted to the court indicate that on June 28, 1982 and December 18, 1984, respectively, an inspector for the Department of Buildings inspected elevators located at the Premises and found numerous violations of Administrative Code §§ 27-127 and 27-128 (formerly §§ C26-105.1, C26-105.2), which require, in essence, that the owner of the premises in question maintain the building and all service equipment, means of egress, devices and safeguards in a safe condition and in good working order. As applicable herein, the term "owner” is defined in Administrative Code § 27-232 as "[a] person having legal title to premises * * * or any other person having * * * control of premises.”
Notices particularizing such violations and ordering their removal (hereinafter 1982 Notice and 1985 Notice or collectively Notices) were prepared on July 7, 1982 and January 3, 1985, respectively, and each was signed by the Borough Superintendent and/or the Commissioner of Buildings. The 1982 Notice was addressed to "184 Kent Ave. Assoc., P.I.O.L.T., 184 Kent Ave., Bklyn, N.Y., 11211.” The 1985 Notice was addressed to "Lee & Wythe Rlty Co., D. Deutsch c/o Rlty Corp., 184 Lee Ave., Bklyn, N.Y., 11211.” Each Notice designated the premises involved as 85 North 3rd Street, Brooklyn, New York, and directed repair, replacement, or adjustment of various elevator components, including controller, cables, indicators, exit cover, and main machine. In addition, the 1985 Notice directed, inter alia, the cleaning of the elevator shafts and car guide rails, and general compliance with the requirements of a five-year test. A printed warning on each Notice advised the addressees that "[i]f this violation is not corrected *355 within ten days, you may be summoned to appear in the Criminal Court.”
In Defendant’s Affidavit, he states that a tenant at the Premises "found a copy of said violations on the floor of the lobby of said building and mailed it to me at my address which is 3 Weiner Drive, Monsey, New York, 10952.” (Defendant’s Affidavit, at 3.)
Informations charging continuing violations in connection with the elevators cited in the Notices, and thus failure to comply with the Notices, were sworn to by Inspection Officer Henry Volberg on August 21, 1987. Each information certifies that such violations existed on "the 3 day of June 1987 and at various times prior thereto,” and names "David Durch” as the "responsible party” for the Premises.
It is these informations, and the Administrative Code violations indicated therein, as well as in the Notices (copies of the Notices are attached to the informations), that defendant now moves to dismiss.
Defendant’s first claim for dismissal is that he (referred to as "D. Deutsch” in the 1985 Notice, and as "David Durch” in the informations) has "no individual involvement with the building known as 85 North 3rd Street, Brooklyn, New York.” (Defendant’s Affidavit, at 1.)
Defendant’s second claim for dismissal is that "the Buildings Department has failed to comply with the requirements of the Administrative Code in the service of said notices of violation.” (Defendant’s Affidavit, at 2.)
Initially, this court allows due import to defendant’s advice that his name is "David Deutsch” and that to the best of his knowledge "there is no one by [the name of] David Durch affiliated in any manner with the building known as 85 North 3rd Street, Brooklyn, New York.” (Defendant’s Affidavit, at 1.) In this connection, the court notes that the misspelling of defendant’s name on the informations is not a jurisdictional and incurable defect, but rather is a typographical error that may be corrected easily in accordance with the provisions of CPL 100.45 and 200.70.
Turning to defendant’s first proffered basis for dismissal, the court finds no merit in his claim that he has no "individual involvement” with the Premises against which the alleged Administrative Code safety violations lie. This finding is based, in part, upon information supplied by the defendant himself in Defendant’s Affidavit. First, the defendant informs *356 the court that he is “the President of Lee Wythe Realty Corp., the owner of [the Premises],” and that he is “fully familiar with the facts of this case.” (Defendant’s Affidavit, at 1.) The defendant further informs the court that “the registered address for Lee Wythe Realty Corp. is in fact 3 Weiner Drive, Monsey, New York, 10952,” and that such address is also, in fact, defendant’s own address. (Defendant’s Affidavit, at 3.)
Without expounding upon the inherent fiduciary duties of corporate officers, or the responsibility of a corporation’s president in connection with the day-to-day business activities of the corporation, it is clear that the defendant not only is “individually involved” with the Premises (situs of the Administrative Code safety violations particularized in the Notices and informations herein), but also is properly indicated in the informations as a “responsible party” in connection with the Premises. In their affirmation in opposition to defendant’s motion dated March 28, 1988 (hereinafter People’s Affirmation) the People posit that defendant, as president of the corporation he alleges is the registered owner of the Premises, maintains the requisite “control” over the Premises to place defendant within the definition of “owner” as set forth in Administrative Code § 27-232. (People’s Affirmation, at 3.) Based upon this court’s findings of defendant’s “individual involvement” and responsibility in connection with the Premises, the court agrees.
Additionally, in the event it is defendant’s intention to claim that, as president of the corporate entity alleged by him to be the registered owner of the Premises, he cannot personally be held criminally liable for the continuing Administrative Code violations alleged in the informations, the court likewise rejects such a proposition. It is well settled that a corporation acts only through the individuals who act on its behalf, including its officers, and that a corporate officer cannot escape individual criminal liability for violations of law — even though the corporate entity may also be named as a defendant — where (as here) scienter or authority on his part is established. (See, United States v Dotterweich, 320 US 277 [1943]; New York Cent. R. R. v United States, 212 US 481 [1909]; People v Cooper, 200 App Div 413 [2d Dept 1922]; People v Smith, 190 Misc 871 [Magis Ct, Borough of Brooklyn 1947]; People v Oser, 9 Misc 2d 585 [Magis Ct, Borough of Manhattan 1958]; People v Klinger, 164 Misc 530 [Magis Ct, Borough of Manhattan, 4th Dist 1937]; see also, Penal Law §§ 20.25, 20.05.)
*357 Thus, defendant’s motion for dismissal of the informations and underlying violations on the basis that he has "no individual involvement” with the Premises (or that he cannot personally be held criminally liable in these circumstances) is denied.
The court now turns to defendant’s remaining claim for dismissal, i.e., that he was not served with the Notices as provided in Administrative Code § 26-244 (c) and (d). In support of his position, defendant offers what he describes as his attorneys’ interpretation of those Notice provisions. (Defendant’s Affidavit, at 2.)
As to Administrative Code § 26-244 (c), defendant directs the court’s attention (Defendant’s Affidavit, at 2) to particular provisions of that section regarding personal service. In essence, those provisions indicate that "[n]otices or orders issued by any court in any proceeding, instituted pursuant to this subchapter * * * may be served by delivering to and leaving a copy * * * with any person violating, or who may be liable under any [applicable] provision” (emphasis added). In this case, of course, the Notices were issued not by any court, but by the Commissioner of Buildings and/or the Borough Superintendent, pursuant to Administrative Code § 26-244. Thus, defendant’s motion for dismissal on the basis that he was not served personally with the Notices pursuant to Administrative Code § 26-244 (c) is denied as inapplicable in the instant circumstances. Parenthetically, it should be noted that, pursuant to additional provisions of Administrative Code § 26-244 (c), notices or orders issued by the Borough Superintendent or Commissioner "may be served by regular mail” (emphasis added).
Defendant also claims (Defendant’s Affidavit, at 3) that he was not served with the Notices in accordance with the provisions of Administrative Code § 26-244 (d), which state, in total: "If the person to whom such order or notice is addressed cannot be found within the city after diligent search, such notice or order may be served by posting it in a conspicuous place upon the premises where such violation is alleged to have been placed or to exist, or to which such notice or order may refer, or which may be deemed unsafe or dangerous, and also depositing a copy thereof in a post office in the city enclosed in a sealed, postpaid wrapper addressed to such person at his or her last known place of residence, which shall be equivalent to a personal service of such notice or order *358 upon all parties for whom such search shall have been made.” (Emphasis added.) In essence, then, Administrative Code § 26-244 (d) suggests that any notice or order issued by the Department of Buildings in connection with violations alleged under the Administrative Code provisions applicable may also be served by posting and mailing.
The clearly nonmandatory nature of the Administrative Code provisions regarding methods of providing notice, amply indicated by the consistent use throughout of the word "may,” rather than "shall” or "must,” is a significant matter which will be discussed more fully hereinafter.
In response to defendant’s claim that the Department of Buildings failed to serve him with the Notices in accordance with the methods suggested by the various Administrative Code provisions, the People affirm that such service was made (People’s Affirmation, at 3), and the court notes that copies of the Notices, with complete mailing addresses, are attached to the informations. Additionally, the court notes that defendant’s own statement that a tenant at the Premises "found a copy of said violations on the floor of the lobby of said building and mailed it to me at my address which is 3 Weiner Drive, Monsey, New York 10952” (Defendant’s Affidavit, at 3), tends to refute his claim that the Department of Buildings failed to post the Notices on the Premises.
The court is not unmindful that each Notice indicates a different mailing address and addressee. However, although the defendant alleges that "several years ago, I sent a change of address form with [sic] the City of New York informing them that the registered address for Lee Wythe Realty Corp. is in fact 3 Weiner Drive, Monsey, New York 10952” (Defendant’s Affidavit, at 3), the defendant neither offers a copy of this alleged Notice, nor indicates that he directed a change of address to the Department of Buildings. Rather, defendant offers merely a bare allegation that the Department of Buildings failed to "mail a copy to me at my address.” (Defendant’s Affidavit, at 3.)
Surely, the defendant is in no position to state conclusively that the Department of Buildings did not actually mail the Notices to him; but he may, of course, claim that he did not receive such Notices. However, it is long and well settled that even where an applicable statute mandates a specific method of notification (which is not the case here), so long as the method is reasonable in the circumstances, and followed, it is *359 no matter to jurisdiction that the defendant did not actually receive the Notice. (See, e.g., Hurley v Olcott, 198 NY 132 [1910]; see also, Mullane v Central Hanover Trust Co., 339 US 306, 319 [1950].)
Clearly, the notice provisions pointed out by defendant do not mandate specific methods of serving notices and orders, nor do the various additional notice provisions sprinkled throughout the Administrative Code. For example, in addition to the methods of service suggested in Administrative Code § 26-244 (c) and (d), § 26-117 (entitled "Service of notices and orders”) allows for various alternate methods of service, as follows: "service of notices and orders issued by the commissioner may be made: (a) by delivery of a copy thereof personally to the owner, lessee or occupant of the building, premises or property affected thereby; or (b) by delivery of a copy thereof personally to any person of suitable age and discretion in charge or apparently in charge of such building, premises or property, or any building work being executed thereon; or (c) by posting a copy thereof in a conspicuous place upon such building, premises or property and mailing a copy thereof to the owner of such building, premises or property at his or her last known address, in which latter case the service shall be deemed to have been effected three days after the date of mailing.” Thus, the court also rejects defendant’s claim that "[t]he Administrative Code and Charter of New York City is very specific as to the required method of service of notices of violation.” (Defendant’s Affidavit, at 2.)
Without doubt, the purpose of the various notice provisions of the Administrative Code regarding safety violations is not to acquire criminal court jurisdiction in the event of noncompliance with directives to cure such violations, but rather the purpose is to attempt to bring notice of the violations to the attention of those who must, or should, take some action to assure that they will be cured at the earliest opportunity. (See, People v Sakow, 45 NY2d 131 [1978].) Indeed, Administrative Code § 26-116 confirms this purpose, indicating that in notices and orders issued under the Administrative Code, it is the designation of the premises involved which is of paramount importance, rather than the designation of those persons who may be individually concerned. The pertinent language of Administrative Code § 26-116 (entitled "Contents of notices and orders”) is as follows: "All notices and orders issued by the commissioner shall, in addition to the statement of requirements, contain a descripton [sic] of the building, premises *360 or property affected; and * * * the notice or order shall be addressed to the owner, lessee or occupant of the building, premises or property affected. It shall be unnecessary to designate such owner, occupant or lessee by name in the notice or order; but the premises shall be designated in the address so that the premises may readily be identified. ” (Emphasis added.) In circumstances where violation notices or orders issued pursuant to particular provisions of the Administrative Code are served upon a lessee or occupant of the premises concerned, Administrative Code § 26-247 (c) places an affirmative duty upon such lessee or occupant to forward the notices or orders to the owner of the premises, or to an agent of the owner, if the whereabouts of such owner or agent be known. Further provisions of the Administrative Code state that in circumstances where a particular safety violation poses an imminent hazard to person or property, and/or where required safety equipment or work permits are not obtained responsible parties are subject to any action, proceeding, or punishment provided under the Administrative Code, without even an attempt to provide such parties with prior notification of the violation. (Administrative Code § 26-246.)
In this case, the numerous safety violations cited apply to elevators servicing a commercial building, and the Notices direct, inter alia, compliance with the requirements of a five-year test. Expedient action in such a case could very well avoid potentially serious threat to life and limb, and certainly would serve to insure the general welfare of those tenants of the Premises, as well as their invitees and licensees, who rely upon official enforcement (by Administrative Code authority) of an owner’s "general responsibility for safe maintenance of the building and its facilities” (Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566 [1987]). Indeed, here, the defendant advises that a tenant of the Premises, apparently recognizing the grave import of cited elevator safety violations and the defendant’s status as a "responsible party” in connection with the Premises, undertook the task of forwarding copies of the Notices found at the Premises to the defendant. (Defendant’s Affidavit, at 3.)
It appears that the defendant would seek to convince this court that notices and orders issued in connection with safety violations under the Administrative Code should be subject to the generally strictly construed standards of service of process applicable to civil suits. In such civil suits, the possibility exists that an unsuspecting defendant, without adequate no *361 tice of a claim against him, might face the harsh reality of automatic and total forfeiture of his property, without even the opportunity to present a defense. However, notices and orders issued in connection with safety violations under the Administrative Code are intended, quite simply, to protect the general welfare, and do not involve threat of forfeiture. Thus, the Administrative Code suggests various methods of conveying notice of violations to responsible parties, but requires merely that the notices (and orders thereunder) specify the repair and/or maintenance requirements, and the premises affected, all to the salutary end that safety and order may be preserved. (Administrative Code § 26-116.)
As discussed above, in Defendant’s Affidavit he identifies himself as the president of a corporate owner of the Premises, and concedes that he is fully familiar with the facts herein, as well as actual receipt of the safety violations cited. Thus, it would follow that, pursuant to this court’s interpretation of the relevant provisions and underlying purposes of the Administrative Code, defendant is properly considered a responsible party in connection with the Premises, and as such is expected to take responsible action in connection with any Administrative Code safety violations affecting the Premises.
In any event, each of the informations herein alleges service of the respective Notice referred to therein, as well as defendant’s noncompliance with the direction to remove the violations charged.
It is unclear from the moving papers whether defendant’s motion for dismissal of the informations herein because of alleged failure of the Department of Buildings to serve the Notices on defendant pursuant to the various methods of service suggested by Administrative Code § 26-244 (c) and (d) is based upon a claim of resulting lack of jurisdiction by this court, or upon a claim that the People cannot prove defendant’s knowing violation of the removal orders.
In the first instance, it is not service of the Notices on defendant that confers this court’s jurisdiction over the matter, but rather it is the filing of the informations with the court. (CPL 1.20 [24]; 100.10; see also, People v Sakow, 45 NY2d 131 [1978], supra; accord, People v Byfield, 131 Misc 2d 884 (Crim Ct, NY County 1986].)
As to proof of the violations alleged against defendant, this court finds that each information herein is facially sufficient to support the actions, in that the sworn allegations of fact in *362 each information, taken with or without the supporting papers discussed above, support, or tend to support every charge alleged. (CPL 100.15 [3].) Thus, the properly drawn and filed informations herein, and the defendant’s appearance before this court pursuant to a duly issued summons to appear, afford the requisite subject matter and personal jurisdiction, and the matter may proceed to trial. Whether or not the defendant can supply evidence to sufficiently disprove the People’s allegations would involve issues of fact determinable at trial.
Based upon all of the above, defendant’s motion to dismiss the informations is denied in all respects.