*177 OPINION OF THE COURT
Abraham G. Gerges, J.
In this criminal contempt proceeding for failure to comply with a Grand Jury subpoena, respondent Chowdhury Azam moves at the end of petitioner’s case for dismissal.
The motion brings once again into focus the nature of the criminal contempt in this case. Is criminal contempt a civil proceeding, a criminal proceeding or a proceeding which is "sui generis” without any rules except those created by the courts? In particular, on a motion such as this does the court apply the criteria set forth in CPLR 4401, CPL 290.10 or does the court create its own criteria since Judiciary Law §§ 750 to 752 do not specify any standard? What is the standard for holding an individual liable for the acts of a corporation? Does the court apply the civil rule regarding liability of an individual for the omissions of a corporation, Penal Law § 20.25 as to liability of an individual for corporate conduct, or does the court create its own criteria since Judiciary Law §§ 750 to 752 contain no such standards?
Throughout this proceeding and trial the court had to determine procedural rules, discovery rules (such as whether the petitioner must disclose any written or recorded statement of witnesses in accordance with CPL 240.45 or People v Rosario [9 NY2d 286]) and the criteria for determining the adequacy of the pleading in this case. All these issues require the application of standards, but which standards are to be applied has been the subject of much discussion and debate between the parties and the court.[1]
CPL 1.10 (1) states that the Criminal Procedure Law is applicable to criminal actions and proceedings.
A criminal action commences with the filing of an accusatory instrument (CPL 1.20 [17]). This matter was commenced by an order to show cause which is not an accusatory instrument listed under CPL (see, CPL 1.20 [l]).[2] This proceeding is not a criminal action.
While the proceeding is not a criminal action it may be a *178 criminal proceeding (see, Matter of Darvin M. v Jacobs, 69 NY2d 957). If it is a criminal proceeding, ttie Criminal Procedure Law will apply.
CPL 1.20 (18) (b) as is relevant here reads as follows: " 'Criminal proceeding’ means any proceeding which * * * (b) occurs in a criminal court and is related to a prospective * * * criminal action * * * or involves a criminal investigation.” In the instant case, the criminal contempt proceeding is being tried in a criminal part of this court and relates to a prospective indictment for Medicare fraud. The Attorney-General is conducting a criminal investigation into potential criminal liability. While these factors would indicate that this matter is a criminal proceeding, they are not determinative (Matter of Abrams [John Anonymous], 62 NY2d 183, 190-191). The court must examine the "true nature of the proceeding” and the "relief sought” (Matter of Abrams [John Anonymous] supra, at 191, 193).
In determining the "true nature” of this proceeding the court has considered the following: (a) the subpoena that was issued in this case was made pursuant to CPL 610.20 (2) which authorizes a prosecutor to issue a subpoena for attendance of any witness at a Grand Jury. The subpoena issued is not an office subpoena but a mandate of the court issued in the name of the court or as in this case in the name of the Grand Jury (People v Natal, 75 NY2d 379, 384-385). It was issued under the Grand Jury’s authority to investigate criminal activity (see, Virag v Hynes, 54 NY2d 437). The Grand Jury under whose authority the subpoena was issued is a creature of CPL article 190 as well as the New York State Constitution; (b) historically, criminal contempt arising out of criminal matters are deemed criminal proceedings (People ex rel. New York Socy. for Preservation of Cruelty to Children v Gilmore, 88 NY 626, 628; see also, People ex rel. Negus v Dwyer, 90 NY 402, 407).[3]
*179 Thus, courts have applied criminal rules to criminal contempt arising out of criminal proceedings; (c) due process accorded respondents/defendants in criminal contempt actions are those accorded a criminal defendant in a criminal proceeding and not those accorded a civil defendant in a civil action (see, Ingraham v Maurer, 39 AD2d 258, 259, supra; State Univ. v Denton, 35 AD2d 176, 180-181). Persons prosecuted for criminal contempt are entitled to appointment of counsel (Department of Hous. Preservation & Dev. v Lamison, 118 Misc 2d 1013, 1014-1016), the right to cross-examine witnesses (State Univ. v Denton, supra), the right to be heard before being held in contempt (Matter of Rodriguez v Feinberg, 40 NY2d 994), the right to be "present and proffer evidence” (Sassower v Finnerty, 96 AD2d 585, 586, lv denied sub nom. Sassower v Signorelli, 61 NY2d 985), the right to trial by jury in accordance with criminal rules (Bloom v Illinois, 391 US 194). The burden of proof in criminal contempt is that the petitioner must show each element beyond a reasonable doubt (People v Shapolsky, 8 AD2d 122, 129). Thus a respondent/ defendant in criminal contempt is accorded all of the procedural safeguards of a criminal defendant (see also, 22 NYCRR 701.3); (d) nisi prius courts have applied the Penal Law defense of justification to Judiciary Law criminal contempt (People v Lennon, 115 Misc 2d 738, 742-743, contempt determination confirmed on other grounds sub nom. Matter of Balter v Regan, 97 AD2d 953, affd 63 NY2d 630; People v Gumbs, 124 Misc 2d 564; see also, Matter of Fuhrer v Hynes, 72 AD2d 813; People v Joy, 133 Misc 2d 779). It is clear that the nisi prius courts found that criminal contempt is a criminal proceeding; (e) all the elements of Judiciary Law § 750 are contained in Penal Law § 215.50 (criminal contempt as a crime). The facts and the burdens of proof and all other matters are identical in Judiciary Law § 750 and Penal Law § 215.50. Thus, a prosecution pursuant to Judiciary Law § 750 may bar Penal Law prosecution under double jeopardy principles (see, People v Colombo, 31 NY2d 947). The two contempts are thus identical and there appears to be no reason why the two should be treated differently (cf., People v Leone, 44 NY2d 315); (f) the nature of the relief sought is incarceration. Incarceration is an extreme limitation on an individual’s freedom of movement. *180 The relief is thus more in the nature of a criminal relief than a civil relief.
Considering all the above factors, the court concludes that criminal contempt for failure to comply with a Grand Jury subpoena arising out of a criminal investigation is a criminal proceeding within the definition of CPL 1.20 (18) (b).[4]
The Attorney-General argues that Azam’s criminal liability is based upon the corporation’s liability for failure to comply with this subpoena. The Attorney-General cites many Federal cases to support this proposition. In New York however, the courts are not free to create criminal liability of an individual for the failure of a corporation to comply with an order unless specifically provided by statute. Absent statutory authority the court cannot create personal liability of an individual for the acts or conduct or omission of a corporation (People v Byrne, 77 NY2d 460; People v Brainard, 192 App Div 816, 819; People v Smith, 190 Misc 871; People v Fleishman, 133 Misc 288).
The Judiciary Law does not contain any provision for creating personal liability for the failure of a corporation to abide by the mandates of a court. However, the Penal Law does have a specific statute creating personal liability for the crimes committed by a corporation.
Penal Law § 5.05 (2) as is relevant, reads as follows: "Unless otherwise expressly provided, or unless the context otherwise requires, the provisions of this chapter shall govern the construction of and punishment for any offense defined outside of this chapter and committed after the effective date thereof, as well as the construction and application of any defense to a prosecution for such an offense” (emphasis supplied).
If something is an "offense” defined by a statute outside the Penal Law, Penal Law provisions will still apply.
The term "offense” is defined as follows: " ’Offense’ means conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law, local law, or ordinance of a political subdivision of this state, or by any order, rule or regulation of any governmental instrumen *181 tality authorized by law to adopt the same.” (Penal Law § 10.00 [1].) Reading these provisions in conjunction, the court finds that Judiciary Law § 750 is a statute containing an “offense”. Thus, the Penal Law covers various aspects of Judiciary Law criminal contempt.
Penal Law § 20.25 provides for criminal responsibility of an individual for the crimes committed by corporations. This section has been applied to non-Penal Law statutes (Alcoholic Beverage Control Law — People v Byrne, 77 NY2d 460, 467, supra; People v Alrich Rest Corp., 53 Misc 2d 574; Administrative Code of City of New York — People v Sakow, 45 NY2d 131, 135; People v Durch, 140 Misc 2d 353, 356; General Business Law — People v Elmhurst Milk & Cream Co., 116 Misc 2d 140, 158; People v Aquarian Age 2000, 85 Misc 2d 504, 506; and local ordinances — People v Artrol Corp., 67 Misc 2d 1087, 1092; see also, People v Matherson, 64 Misc 2d 680, 683-684). This court notes with interest that in Matter of Grand Jury Subpoena Duces Tecum (Morano’s 5th Ave.) (144 AD2d 252, 256), the court adopted in a criminal contempt proceeding a standard requiring that an individual must personally participate in the willful disobedience of the corporation. This is identical with the standard under Penal Law § 20.25, although the court did not cite that section.
The court finds that the standard to be used in this proceeding is that set forth in Penal Law § 20.25.

. The Attorney-General’s position is that criminal contempt is "sui generis”, and neither civil nor criminal procedures are applicable.

. The authorization to commence criminal contempt by order to show cause does not come from any statute. Judiciary Law § 751 does not specify the form of pleading in criminal contempt. Historically, orders to show cause appear to have always been assumed to be the proper method of commencing criminal contempt.

. Cases such as Matter of Douglas v Adel (269 NY 144), Department of Hous. Preservation & Dev. v 24 W. 132 Equities (137 Misc 2d 459, affd, no opn 150 AD2d 181, appeal dismissed 74 NY2d 841), and New York City Health & Hosps. Corp. v Local 2507 of Dist. Council 37 of Am. Fedn. of State, County, & Mun. Employees (139 Misc 2d 67) are not to the contrary but are supportive of this proposition. These cases hold that criminal contempt arising out of a civil action are civil special proceedings and apply the rules under CPLR By a parity of logic criminal contempt arising out of a criminal action should apply the rules under the CPL (but see, Board of Educ. v Pisa, 54 AD2d 821 [holding criminal contempt in a civil action is *179 "essentially a criminal proceeding”]; Ingraham v Maurer, 39 AD2d 258 [criminal contempt is a criminal proceeding even though it arises out of a civil action]).

. The court finds that the failure to preserve the investigator’s notes is a violation of CPL 240.45 and People v Rosario (9 NY2d 286, supra). The court is mandated to impose sanctions upon the petitioner (People v Wallace, 76 NY2d 953). At the conclusion of the trial, the court will charge itself on missing evidence with regard to the investigator’s notes (People v Kelly, 62 NY2d 516, 521-522).