◼ In the Matter of FREDA G. POZEFSKY, Petitioner, v DAVID F. JUNG, as Judge of the Family Court of Fulton County, et al., Respondents. [701 NYS2d 470] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Fulton County) to review a determination of respondent Fulton County Family Court Judge which held petitioner in contempt of court.

Between September 1997 and December 1997, respondent Fulton County Family Court Judge (hereinafter respondent) presided over the trial of a custody proceeding initiated by respondent Michael L. Pozefsky. Petitioner's testimony, which was given over the course of three days in October 1997, was generally nonresponsive, even to questioning from her own counsel. Numerous objections to the nonresponsive nature of petitioner's testimony were sustained by respondent. Despite

---

repeated admonitions by respondent, petitioner continued to give testimony containing extraneous commentary and undue narration. Ultimately, respondent determined to hold petitioner in contempt on four occasions and imposed fines totaling $700. Petitioner thereafter sought review of respondent's summary contempt order by means of this CPLR article 78 proceeding initiated in Supreme Court pursuant to Judiciary Law § 755 and CPLR 7804 (b). Concluding that the petition raised a substantial evidence question, Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

As a threshold matter, we note that the petition raised no substantial evidence question and the proceeding was thus improperly transferred to this Court (*see*, CPLR 506 [b]; 7804 [b]; *Matter of Balter v Regan*, 97 AD2d 953, *affd* 63 NY2d 630, *cert denied* 469 US 934). Nonetheless, we shall retain jurisdiction of the matter and determine the merits in furtherance of judicial economy (*see, e.g., Matter of Rensselaer Socy. of Engrs. v Rensselaer Polytechnic Inst.*, 260 AD2d 992, 993).

On the merits, we conclude that, in view of petitioner's repeated disregard of Family Court's admonishments and directives to limit her answers to the questions posed and to refrain from extraneous commentary, the summary findings of contempt are fully supported by the record (*see, Matter of Brostoff v Berkman*, 170 AD2d 364, *affd* 79 NY2d 938, *cert denied* 506 US 861). In our view, petitioner's conduct constituted disorderly, contemptuous and insolent behavior, which had the effect of interrupting the court proceedings and impairing the respect for the court's authority (*see*, Judiciary Law § 750 [A] [1]; *Matter of Katz v Murtagh*, 28 NY2d 234, 238). Petitioner's contentions to the contrary are not at all persuasive.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.