## COURT OF APPEALS,

### June 20, 1913.

# THE PEOPLE v. KINGS COUNTY IRON FOUNDRY.

### (209 N. Y. 207.)

PUBLIC NUISANCE *—INDICTMENT EXAMINED AND HELD SUFFICIENT.

On examination of an indictment for nuisance, *held, first,* that the statement therein that the offense was committed in "the borough, city and county aforesaid" is sufficient when the county in which the offense was committed has been theretofore stated; *second,* the charge in the indictment that the acts of the defendant injured and endangered the comfort, repose, health and safety of the persons using the streets and living in the dwellings, buildings and premises in the neighborhood is a sufficient allegation that they injured the comfort, repose, health and safety of a considerable number of persons. (Penal Law, § 1530, subd. 4.) *People* v. *Transit Development Company,* 131 App. Div. 174, distinguished.

*People* v. *Kings Co. Iron Foundry,*—App. Div.—, reversed.

(Argued June 9, 1913; decided June 20, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 11, 1913, which affirmed a judgment of the Kings County Court sustaining a demurrer to an indictment charging the defendant with maintaining a public nuisance.

The demurrer interposed by the defendant specifies three grounds: "*First.* On the ground that it appears on the face thereof that the grand jury by which it was found had no legal authority to inquire into the crime charged, by reason of its not being within the local jurisdiction of the county. *Second.* On the ground that the said indictment does not conform substantially to the requirements of section 275 of the Code of Criminal Procedure, in that it does not contain a plain and con-

See Note, vol. 27, p. 375.

cise statement of the act constituting the crime. *Third.* **On** the ground that the facts stated in the said indictment do not constitute a crime."

*James C. Cropsey, District Attorney* (*Hersey Egginton* and *Harry G. Anderson* of counsel), for appellant. The indictment herein sufficiently sets forth facts constituting the crime of maintaining a public nuisance, whether tested by the rules prevailing under the common law or those tested by the rules prevailing under the common law of those established by the Penal Law. (3 Black. Com. 216; 4 Black. Com. 166, 167; Bohan v. Port Jervis Gas Light Co., 122 N. Y. 22; Lansing v. Smith, 4 Wend. 9; 1 Wood on Nuisances [3d ed.], §§ 14, 17; Rex v. White, 1 Burr, 333; 1 Russell on Crimes [6th ed.], 732; Joyce on Law of Nuis. §§ 5, 14; Hawkins P. C. ch. 75, § 10; Rex v. Pappineau, 2 Str. 686; Rex v. White & Ward, 1 Burr, 333; Nolan v. City of New Britain, 69 Conn. 668; Jones v. City of Chanute, 63 Kan. 243; Vil. of Pine City v. Munch, 42 Minn. 342; Kissell v. Lewis, 156 Ind. 233; King v. Davenport, 98 Ill. 305; Moses v. State, 58 Ind. 185; Burlington v. Stockwell, 5 Kan. App. 569.) The County Court of Kings county and the grand jury impaneled by it had jurisdiction to find and file the indictment herein, and its finding is conclusive that the crime charged was committed within the county of Kings. (P., etc., R. Co. v. State, 20 Md. 157; People v. Buddensieck, 4 N. Y. Cr. Rep. 230; 103 N. Y. 487; Vanderwerker v. People, 5 Wend. 530, 531; People v. Breese, 7 Cow. 429; People v. Barrett, 1 Johns, 66; Haskins v. People, 16 N. Y. 344; Joyce on Indictments, § 175; People v. Peck, 2 N. Y. Cr. Rep. 314; People v. Dimick, 107 N. Y. 13.)

*Louis Marshall* for respondent. The indictment fails to show that the grand jury which presented it had jurisdiction over the offense charged. (Code Crim. Pro. § 284, Subd. 4.) The indictment fails to show the commission of the crime of

maintaining a public nuisance within the definition of section 1530 of the Penal Law. (State v. Houck, 73 Ind. 37; M. & E. R. R. Co. v. State, 36 N. J. L. 553; People v. Sands, 1 Johns, 78; Messerschmidt v. People, 46 Mich. 437; People v. T. D. Co., 131 App. Div. 174; Wood on Nuisances [3d ed.], § 71; People v. Bink, 151 App. Div. 271; People v. Callahan, 23 Hun, 586; Santa Cruz v. Enright, 95 Cal. 105; Baily v. Birkhofer, 123 Iowa, 59; West C. St. Ry. Co. v. Vandehouten, 58 Ill. App. 318.)

CULLEN, Ch. J.   We think the indictment in this case was sufficient. We cannot see the force of the claim that the indictment fails to show that the grand jury had jurisdiction to inquire into the offense. It is charged in the indictment that the offense was committed in the borough, city and county aforesaid. It is true no borough or city is stated in the indictment, but the county aforesaid is stated to be the county of Kings, and by law the county of Kings constitutes the borough of Brooklyn in the city of New York. The second objection to the indictment, for which it has been held defective by the courts below, is that it fails to state that the acts charged injured and endangered the comfort, repose, health and safety of " a considerable number of persons." The indictment is in the common-law form appropriate to the offense, and unless the offense has been changed in some element or factor requisite to constitute it commission, that form should be held sufficient. (People v. Conroy, 97 N. Y. 62, 2 N. Y. Crim. 565; People v. Willett, 102 N. Y. 251; People v. Giblin, 115 N. Y. 196, 7 N. Y. Crim. 130.) We are entirely clear that it was not the intention by the Penal Law (Section 1530, subd. 4) to add any new element to what was previously necessary to constitute a public nuisance. The expression " any considerable number of persons " is used solely for the purpose of differentiating a public nuisance, which is subject to indictment, from a private nuisance. But a consider-

able number of persons does not necessarily mean a very great or any particular number of persons. The travelers on a highway of a sparsely settled country town and those moving along the densely thronged city street are equally a considerable number of persons, and an illegal obstruction of a highway in the town and that of a city street are equally public nuisances.

The charges in the indictment that the acts of the defendant injured and endangered the comfort, repose, health and safety of the persons using the streets and living in the dwellings, buildings and premises in the neighborhood is a sufficient allegation that they injured the comfort, repose, health and safety of a considerable number of persons. If the nuisance affects only private property the question whether the number of persons affected is considerable will be one of fact to be determined on the trial. We find nothing in People v. Transit Development Company (131 App. Div. 174) inconsistent with these views. That case deals with a different question from the one before us.

The judgment below should be reversed, the demurrer overruled and the defendant be directed to plead to the indictment.

GRAY, WERNER, HISCOCK, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Judgment reversed, etc.