MARY MCENTYRE, as Administratrix, etc., of ANNA GLACKIN, Deceased, Appellant, v. BICKFORD'S, INC., Respondent.— In an action for wrongful death of plaintiff's intestate as a result of a fall through a cellarway, caused by the alleged negligence of the defendant in leaving unprotected and unguarded a stairway leading from a sidewalk to the defendant's basement, in violation of a city ordinance, judgment in favor of the defendant, entered upon a jury verdict, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

M. V. T. CORPORATION, Appellant, v. MOUNT VERNON LODGE No. 842 BENEVOLENT & PROTECTIVE ORDER OF ELKS OF THE UNITED STATES OF AMERICA, Respondent.— In an action to recover an unpaid balance of interest on a mortgage indebtedness, order denying plaintiff's motion to strike out the answer and for summary judgment under rule 113 of the Rules of Civil Practice reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs. Appellant's offer to accept less than the amount due on respondent's indebtedness was revocable before acceptance by performance. (*Petterson* v. *Pattberg*, 248 N. Y. 86.) No material fact is in dispute. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

BEATRICE PHILIPS and ABRAHAM PHILIPS, Respondents, v. WENDEL FOUNDATION, Appellant.— Action by plaintiff Beatrice Philips to recover damages for injuries sustained as the result of slipping on the edge of a stone step which was chipped or which crumbled when she placed the ball of her foot thereon, and by her husband for loss of services and for expenses. Judgment in favor of plaintiffs reversed on the facts and a new trial granted, with costs to abide the event, on the ground that the verdict of the jury is against the weight of the evidence. Lazansky, P. J., Carswell and Johnston, JJ., concur; Hagarty and Adel, JJ., dissent and vote to reverse the judgment on the law and to dismiss the complaint, with the following memorandum: The photographs introduced in evidence by the parties show that the chipping of these steps in general, and in particular at the place at which the plaintiff claimed to have slipped, was in the nature of ordinary wear and of such a character as not to impose the obligation upon the defendant of foreseeing injury occasioned thereby. (*Laun* v. *Karl*, 278 N. Y. 506; *Tryon* v. *Chalmers*, 205 App. Div. 816; *Charanis* v. *Macy & Co., Inc.*, 257 id. 980; *Campbell* v. *Resnick*, 253 id. 894; *Balastiere* v. *Lovecchio*, 260 id. 1030.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LITTLE HOME FOR FRIENDLESS ANIMALS, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELSIE BOVES, Appellant.— Judgment of the County Court of Suffolk County, convicting the defendants of maintaining a public nuisance in the manner in which a shelter for the prevention of cruelty to animals was conducted, reversed on the law and the indictment dismissed. The proof was inadequate to establish a public nuisance under section 1530 of the Penal Law. (*People* v. *Brooklyn & Queens Transit Corp.*, 283 N. Y. 484; *People* v. *Cooper*, 200 App. Div. 413.) Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.