Loren N. Brown, J.
The defendant appeals from a conviction, after trial, of the charge of criminal nuisance, in violation of section 240.45 of the Penal Law. The trial was held before Greenfield Town Justice James Coleman on March 5, 1975. Appellant raises seven issues on this appeal. This court, however, does not have to go beyond the first issue, which is an attack on the sufficiency of the information. CPL 100.15 (subd 3) requires that an information, in all cases, shall contain a statement of the complainant alleging facts of an evidentiary character which support or tend to support the charge. CPL 100.40 (subd 1, par [c]) requires that for an information to be sufficient on its face, the nonhearsay allegations of the factual part of the information must establish, if true, every element of the offense charged and the defendant’s commission thereof. Subdivision 1 of section 240.45 reads as follows: "§240.45 Criminal nuisance. A person is guilty of criminal nuisance when: 1. By conduct either unlawful in itself or unreasonable under all the circumstances, he knowingly or recklessly creates or maintains a condition which endangers the safety or health of a considerable number of persons”.
The long form information in the instant case complies with CPL 100.15 (subds 1, 2) which relates to the nonfactual allegations of the information. The nonhearsay allegations of the factual part of the information, however, are insufficient. There is no allegation that the defendant’s conduct in any way created or maintained a condition which endangered the safety or health of a considerable number of persons. It is alleged only in a conclusory fashion that the defendant created a criminal nuisance by letting her horses run free, *658 thereby letting them do damage to the complainant’s front lawn, and that such events occurred on various dates.
To constitute the offense charged, namely, the class B misdemeanor of criminal nuisance in violation of section 240.45 of the Penal Law, an information must contain non-hearsay factual allegations which, if true, established that the defendant, by her conduct, unlawful or unreasonable under all the circumstances, knowingly or recklessly created or maintained a condition which endangered the safety or health of a considerable number of persons. The instant information fails to demonstrate that there was any danger to the safety or health of any persons but demonstrates only that there was damage to the real property of the complainant.
Judgment reversed.