OPINION OF THE COURT
Gloria Goldstein, J.
Following a jury trial, defendant stands convicted of three counts of grand larceny in the third degree, one count of scheming to defraud in the second degree, and three counts of acting as an unlicensed real estate broker and salesman in violation of Real Property Law article 12-A. Defendant now moves to dismiss the counts of acting as an unlicensed real estate broker and salesman on the ground that the District Attorney lacked the authority to prosecute crimes in violation of Real Property Law article 12-A.[1]
*679 Real Property Law § 442-e (2) provides as follows: “Attorney-general to prosecute. Criminal actions for violations of this article shall be prosecuted by the attorney-general, or his deputy, in the name of the people of the state, and in any such prosecution the attorney-general, or his deputy, shall exercise all the powers and perform all the duties which the district attorney would otherwise be authorized to exercise or to perform therein. The attorney-general shall, upon a conviction for a violation of any provision of this article, and within ten days thereafter, make and file with the department of state a detailed report showing the date of such conviction, the name of the person convicted and the exact nature of the charge.”
The court conducted a hearing in which Assistant Attorney-General William Dowling and Assistant District Attorney Sam Pinkus testified. The court makes the following findings of fact and conclusions of law:
JURISDICTION TO PROSECUTE
The District Attorney has no common-law duties, except those as are imposed upon him by statute (People v Corning, 2 NY 1). The duties of the office as set forth in County Law § 700 (1) include the duty “to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed”.
Acting as an unlicensed real estate broker and salesman constitutes a violation of Real Property Law § 440-a. Subdivision (1) of section 442-e provides that “[a]ny person who violates any provision of this article shall be guilty of a misdemeanor.” The District Attorney contends that pursuant to County Law § 700, he had jurisdiction to prosecute defendant for acting as an unlicensed real estate broker and salesman since this violation has been statutorily classified a misdemeanor.
Defendant contends that notwithstanding County Law § 700, jurisdiction to prosecute for violations of Real Property Law article 12-A rests exclusively with the State Attorney-General’s office.
It is a fundamental rule of statutory interpretation that when a statute is clear and unambiguous, a court must give effect to the legislative will and intent as expressed (McKinney’s Cons Laws of NY, Book 1, Statutes § 76); we cannot “speculate upon the supposed intent for the purpose of giving [the statute] a different meaning” (Gillespie v Zittlosen, 60 NY 449, 451). “[R]ules of construction are invoked only when the language used leaves its purpose and intent uncertain or questionable” *680 (People ex rel. New York Cent. & Hudson Riv. R.R. Co. v Woodbury, 208 NY 421, 425).
In the court’s view, subdivision (2) of section 442-e is capable of only one definite construction, and there is no need to resort to the rules of construction to give effect to its plain and intended meaning. By its very language, this statute directs the Attorney-General to prosecute criminal actions for violations of Real Property Law article 12-A. It further provides that the Attorney-General shall exercise all the powers and perform all the duties which the District Attorney “would otherwise be authorized to exercise or perform”. As Assistant Attorney-General Dowling candidly conceded in testimony before the court, the statute makes it clear that the District Attorney’s office does not have concurrent jurisdiction with the State Attorney-General. The court must not strain for an interpretation for which there is no express or inferable foundation in the statute itself. Indeed, where the Legislature has seen fit to vest concurrent jurisdiction in both the State Attorney-General and the District Attorney, the statute has expressly so provided. For example, Tax Law § 695 (e) states, “The attorney general shall have concurrent jurisdiction with any district attorney in the prosecution of any offenses under this section.” General Business Law § 358 provides that the “attorney-general may prosecute * * * or the attorney-general may in his discretion transmit evidence, proof and information as to such offense to the district attorney * * * and every district attorney to whom such evidence * * * is so transmitted shall forthwith proceed to prosecute”. Tax Law § 1095 (d) provides that “The attorney general shall have concurrent jurisdiction with any district attorney in the prosecution of any offenses under this section.”
Against the background of these express legislative grants of concurrent jurisdiction, the exclusive reference to the Attorney-General in Real Property Law § 442-e (2) justifiably invokes the maxim expressius unius est exclusio alterius[2] (Burgin v Forbes, 293 Ky 456; Newblock v Bowles, 170 Okla 487). Moreover, insofar as any conflict between the provisions of County Law § 700 and those of Real Property Law § 442-e (2), the specific provisions must prevail over the general (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 96,97; People v Mobil Oil Corp., 48 NY2d 192, 200; People v Lawrence, 64 NY2d 200, 204). With respect to violations of Real Property Law article 12-A, section 442-e (2) must be considered a specific provision. For these *681 reasons, the court finds that the State Attorney-General had exclusive jurisdiction to prosecute the defendant for violations of section 440-a of the Real Property Law.
AUTHORIZATION AS DEPUTY
The District Attorney argues, in the alternative, that he had been duly appointed as a Deputy Attorney-General to investigate and prosecute the defendant for alleged violations of Real Property Law § 440-a. Specifically, the District Attorney contends that on November 29, 1983, Assistant District Attorney Sam Pinkus received permission to proceed with the within prosecution from Assistant Attorney-General William Dowling. Mr. Dowling purportedly offered to forward a letter of such authority to that effect, but no letter was ever received.
It is readily apparent, and uncontested, that pursuant to Real Property Law § 442-e (2), either the Attorney-General or one of his deputies is authorized to prosecute for violations of Real Property Law article 12-A. The issue, however, is whether any such purported deputization which took place in the instant case, should be voided as an unlawful delegation of the power to prosecute by the Attorney-General.
In Matter of Schumer v Holtzman (94 AD2d 516, mod 60 NY2d 46), District Attorney Elizabeth Holtzman appointed a Special Assistant District Attorney to investigate and pursue charges against Congressman Charles Schumer. In a written memorandum accompanying the Special Assistant’s appointment, the District Attorney accorded him broad powers to control the investigation and prosecution. The Appellate Division, Second Department, while acknowledging the District Attorney’s power to appoint assistants, held that “she [could not] delegate to others the power she has to discharge her responsibilities under law or give up her responsibility to supervise them” (Matter of Schumer v Holtzman, supra, at p 528). The court found that the District Attorney appointed not an Assistant District Attorney, but rather, a Special Prosecutor, who acted independently of her and, who, in effect, exercised such powers as were nondelegable (Matter of Schumer v Holtzman, supra, at p 530). The court concluded that the appointment of a Special Assistant District Attorney under these circumstances was invalid.
The Court of Appeals, in affirming the Appellate Division’s ruling,[3] stated: “The memorandum manifestly attempts to di *682 vest respondent Holtzman of her discretionary judgment to initiate, pursue and conclude investigations and prosecutions and to set up an independent prosecutor to handle all aspects of the Schumer matter. The powers of the District Attorney, however, are conferred upon her by statute * * * She may delegate duties to her assistants but she may not transfer fundamental responsibilities of the office to them. Such a transfer may be accomplished only by executive or court order” (Matter of Schumer v Holtzman, supra, at p 53).
In the case at bar, the purported deputization of the District Attorney was, as in Schumer (supra), an unlawful delegátion of statutory powers and responsibilities. The deputization, here, was allegedly created by a November 1983 telephone conversation between Assistant District Attorney Pinkus and Assistant Attorney-General William Dowling. During that conversation, Mr. Pinkus inquired of Mr. Dowling whether the District Attorney had jurisdiction to prosecute for RPL violations and whether the District Attorney could be designated as a Deputy Attorney-General for that purpose. Mr. Dowling responded “Go ahead, proceed”, and, according to his testimony, “that was the end of it”. The November 1983 telephone call to Mr. Dowling was the first and last contact between the Attorney-General’s office and the District Attorney’s office. At no time during the investigation, indictment, or trial of the defendant was the Attorney-General’s office ever contacted and informed of the case’s status. Assistant District Attorney Pinkus was unable even to recall whether he ever informed Assistant Attorney-General Dowling about the facts of the case. Assistant District Attorney Pinkus further conceded that the decision to indict defendant for violations of Real Property Law § 440-a was made by his Bureau Chief in the District Attorney’s office.
In Schumer (supra), the appointment of a Special Assistant District Attorney was voided because those powers and duties legally imposed upon the District Attorney that require the exercise of judgment and discretion in her performance were unlawfully delegated. So, too, in the case at bar, the Attorney-General has been statutorily vested with the power and duty to prosecute for violations of Real Property Law article 12-A, but has improperly delegated complete responsibility for that prosecution to the District Attorney. Virtually every decision concerning the within prosecution, including the decision to indict, was made without any consultation or without consent from the Attorney-General’s office. This total abrogation of authority must, of necessity, fail. In this regard, it is noteworthy to observe that the indictment itself was signed not by the Attor *683 ney-General, but rather by Elizabeth Holtzman as District Attorney.
This court thus views the telephone conversation between Assistant Attorney-General Dowling and Assistant District Attorney Pinkus, not as merely a deputization, but rather as a proscribed and overly broad grant of authority permitting the appointee to have a free hand in all aspects of the defendant’s prosecution for violations of Real Property Law § 440-a. Such a delegation of powers and duties, in the absence of express legislative authority, cannot stand.
Accordingly, the appointment of the District Attorney as a Deputy Attorney-General is void.
Defendant’s motion to dismiss the counts of acting as an unlicensed real estate broker and salesman be and the same are hereby granted.

. In accordance with the pronouncements of our Court of Appeals, decision was reserved on defendant’s motion until after a jury verdict was rendered.
The Court of Appeals has stated: “once trial has started, decision on a belated motion might well be delayed until after a jury verdict or decision on the facts. If defendant were to be acquitted, that would be the end of the matter; if convicted, appeal of the ruling, and, if appropriate, retrial or reinstatement of the verdict or decision would be permissible on any view of the double jeopardy doctrine” {People v Key, 45 NY2d 111, 120; see also, People v Leach, 46 NY2d 821; People v Brown, 40 NY2d 381).

. A maxim of statutory interpretation meaning that the expression of one thing is the exclusion of another.

. The Court of Appeals modified the Appellate Division decision by striking, as premature, any determination addressing the disqualification of respondent Holtzman. This modification, on an ancillary issue, left intact the ruling quoted above.