OPINION OF THE COURT
Joel M. Goldberg, J.
The issue before the court on the defendants’ motion to dismiss for facial insufficiency of the information is whether causing danger to "tenants and visitors” of a multiple dwelling by failing to make required repairs constitutes the crime of criminal nuisance which, pursuant to Penal Law § 240.45 (1), requires that danger be caused to "a considerable number of persons”. (See, CPL 100.40, 170.35.)
the facts
The defendants, alleged owners of an apartment building at *676 532 Lefferts Avenue in Brooklyn, are charged in an information with criminal nuisance and numerous violations of the Administrative Code of the City of New York committed between March 30, 1981 and October 29, 1987. The Administrative Code violations include: willful and reckless failure to maintain a multiple dwelling in good repair; 46 counts of willful failure to comply with an order of the New York City Department of Housing Preservation and Development; and 26 counts of reckless failure to comply with an order of the New York City Department of Housing Preservation and Development. (See, Administrative Code § 27-2005 [a]; § 27-2118 [a] [2].)
These offenses are each punishable by fines up to $1,000 and one year in jail. (Administrative Code § 27-2118 [a].)
Criminal nuisance, Penal Law § 240.45 (1), is a class B misdemeanor punishable by a fine up to $500 and 90 days in jail. A person is guilty of criminal nuisance when: "By conduct either unlawful in itself or unreasonable under all the circumstances, he knowingly or recklessly creates or maintains a condition which endangers the safety or health of a considerable number of persons”. (Emphasis added.)
The factual part of the information alleges that the defendants committed criminal nuisance: "[I]n recklessly failing to comply with the repair orders of the Department of Housing Preservation and Development to restore this multiple dwelling to good repair and to correct the above violations, the defendants created and maintained a condition wherein the state of disrepair of the premises endangered the life, safety and health of both tenants and visitors. ” (Emphasis added.)
The building violations referred to in the criminal nuisance charge were the subject of a May 6, 1987 consent decree in the Housing Part of the Civil Court and allegedly were not thereafter corrected. These violations, 46 in all, consist of failures to: repair broken and defective plaster walls and ceilings; maintain windows and doors in good repairs; repair broken and defective wood floors; maintain the electrical system in good repair by correcting exposed wires; correct defective electrical switches; repair plumbing in a water closet; repair a broken ceiling; repair broken tile floors and walls of bathrooms; remove mold, mildew, and fungus from the walls of a bathroom.
It appears from the motion papers that the building consists of approximately 40 apartments, approximately 23 of which contain the above violations.
*677 DISCUSSION
The People argue that these violations constitute a criminal nuisance pursuant to Penal Law § 240.45 (1), because the building’s "tenants and visitors” constitute a "considerable number of persons”. However, this argument overlooks the history of the statute and the long line of authoritative precedent holding that the danger must be to the public-at-large rather than an identifiable group of persons. (See, former Penal Law of 1909 § 1530 and its predecessor, former Penal Law of 1881 § 385.)
As explained by Chief Judge Cardozo in a case involving a catering hall which allowed its nightly celebrations to disturb the neighborhood:
"By the Penal Law of the State, an act which 'annoys, injures or endangers the comfort, repose, health or safety of any considerable number of persons’ is declared to be 'a public nuisance,’ and is punishable as a crime (Penal Law, § 1530, subd. 1). The definition corresponds to the distinction between public and private nuisances as it stood at common law (People v. Kings County Iron Foundry, 209 N. Y. 207, 210). * * * Public is the nuisance whereby 'a public right or privilege common to every person in the community is interrupted or interferred with,’ as by the obstruction of a public way * * *. Public also is the nuisance committed 'in such place and in such manner that the aggregation private injuries becomes so great and extensive as to constitute a public annoyance and inconvenience, and a wrong against the community, which may be properly the subject of a public prosecution’. * * *
"Here is something more than an interference with a single dwelling or even two or three. Here is tumult so great, if the witnesses are to be credited, as to be a plague to a whole neighborhood.” (People v Rubenfeld, 254 NY 245, 247, 249 [1930].)
In People v Kings County Iron Foundry (209 NY2d 207, 210 [1913], supra) it was stated: "The expression 'any considerable number of persons’ is used solely for the purpose of differentiating a public nuisance, which is subject to indictment, from a private nuisance.”
Chief Judge Lehman, citing both People v Rubenfeld (supra) and People v Kings County Iron Foundry (supra), agreed that the injury, regardless of how many people are affected, must be to the public-at-large not to private interests: "[TJhis court *678 has construed the statute as the definition of an offense to the public of a neighborhood or community in the enjoyment of its common rights and not as a definition of an offense which consists merely of injury to a large number of persons in the enjoyment of private rights not shared by the members of a community or neighborhood.” (People v Brooklyn & Queens Tr. Corp., 283 NY 484, 490 [1940].)
Where the injury is to a limited group of people, only their private rights, not the public’s, are violated. Thus, when a laundry in Kings County was convicted of criminal nuisance for subjecting residents in the two adjoining houses to noise and vibration from the laundry’s machinery and to offensive odors from the soap and other materials used in washing, the Second Department reversed, stating: "[W]here an individual suffers peculiar or special damage, not common to the public, the nuisance is as to him private, and he may have his action for damages or, in a proper case, may invoke the equity power of the court. * * * For the interference with the comfortable enjoyment of their homes, for the injury to their property, the owners thereof have an appropriate remedy, if there be a nuisance; but, as to each of them, the nuisance is private and does not become public, merely because a considerable number may be injured”. (People v Cooper, 200 App Div 413, 417 [1922].)
By arguing that causing danger to "tenants and visitors” in a particular building constitutes criminal nuisance if the number of persons endangered is "considerable”, the People overlook the statute’s history. To retain the common-law requirement of injury to the public-at-large, the 1865 draft version of the criminal nuisance statute used the phrase "the whole community or neighborhood”. (Draft Civil Code § 1572.) The phrase "a considerable number of persons” was subsequently substituted by the Legislature in order to avoid uncertainty over the meaning of "the whole community or neighborhood”. Despite this change in language, there was no intention to abandon the common-law distinction between a public and private nuisance. (See, People v Transit Dev. Co., 131 App Div 174, 178-179 [2d Dept 1909].)
More recently, the Court of Appeals, citing current Penal Law § 240.45 (1), reiterated the distinction between a private nuisance which threatens one person or a relatively few and a public nuisance which "consists of conduct or omissions which offend, interfere with or cause damage to the public in the exercise of rights common to all”. (Copart Inds. v Consolidated *679 Edison Co., 41 NY2d 564, 568 [1977]; also see, State of New York v Waterloo Stock Car Raceway, 96 Misc 2d 350, 356 [Sup Ct, Seneca County 1978]; State of New York v Wright Hepburn Webster Gallery, 64 Misc 2d 423, 426 [Sup Ct, NY County 1970], affd 37 AD2d 698 [1st Dept 1971].)
Because the defendants are charged with endangering only "the tenants and visitors” of 532 Lefferts Avenue, a distinct and finite group, the information fails to allege an essential element of criminal nuisance, i.e., danger to a considerable number of persons consisting of the public-at-large. Even if at trial the People were to prove danger to the public-at-large, this proof would not cure the jurisdictional defect present in the existing charge. (People v Alejandro, 70 NY2d 133 [1987]; People v Ely, 83 Misc 2d 656 [Saratoga County Court 1975].)
Therefore, the charge of criminal nuisance is dismissed.
The remaining Administrative Code charges are the proper means to redress the wrongs alleged.