OPINION OF THE COURT
Joel M. Goldberg, J.
The defendants, allegedly the owners of a multiple dwelling in Kings County, stand charged with violations of sections 27-2118 and 27-2005 of the Administrative Code of the City of New York (Administrative Code, tit 27, ch 2 is entitled: "Housing Maintenance Code”, hereinafter the Code) which are misdemeanors. These charges involve failures to make repairs in their building in violation of orders of the Housing Court. They jointly move to dismiss contending that the District Attorney lacks subject matter jurisdiction.
The defendants were also charged with criminal nuisance (Penal Law § 240.45 [1]). That charge was dismissed by this court on the defendants’ prior motion, because there was no showing that the building’s allegedly dangerous conditions endangered or affected anyone outside the building. (People v Kotler, 141 Misc 2d 675 [1988].)
For the following reasons, the defendants’ motion is denied in all respects.
The defendants assert that only the Corporation Counsel has jurisdiction to prosecute these charges. They rely on *288 section 27-2110 (a) of the Code which is contained within subchapter 5, article 1, entitled: "Enforcement Actions and Proceedings in General”. That section states, in pertinent part: "All actions or proceedings instituted to recover penalties imposed by this code * * * shall be brought in the name of the department [of Housing Preservation and Development] by the corporation counsel.”
Article 2 of subchapter 5 of the Code is entitled "Civil Penalty” and article 3 is entitled "Criminal Penalty”. Article 3 contains the criminal charges now before this court. The defendants contend that pursuant to section 27-2110 (a) only the Corporation Counsel has the power to bring either a civil action under article 2 or a criminal action under article 3.
The People’s written answer argued that the Corporation Counsel’s power to enforce the Code is limited to bringing civil actions in Housing Court, and that the Code "does not specify who is to prosecute a criminal action.” However, on oral argument the People agreed that article 1 of subchapter 5 of the Code gives the Corporation Counsel the power to bring criminal proceedings in Criminal Court to enforce violations of article 3. Although the Corporation Counsel regularly brings criminal proceedings in Criminal Court to enforce violations of the Building Code provisions of the Administrative Code, the Corporation Counsel, to this court’s knowledge, does not bring criminal proceedings to enforce the Housing Maintenance Code.
The issue here is whether the District Attorney has concurrent jurisdiction with the Corporation Counsel to bring a criminal action for violation of article 3 of subchapter 5 of the Housing Maintenance Code.
State law provides that it shall be the duty of each District Attorney in New York City "to prosecute all crimes and offenses cognizable by the courts” of their respective counties (County Law § 927; see also, County Law § 700, which places a similar duty on all the State’s District Attorneys).
Further, Municipal Home Rule Law § 11 (1) (e) specifically states:
"Notwithstanding any provision of this chapter, the [local] legislative body shall not be deemed authorized by this chapter to adopt a local law which supersedes a state statute, if such local law: * * *
"(e) [a]pplies to or affects the courts as required or provided by article six of the constitution.”
*289 If, as the defendants contend, only the Corporation Counsel has jurisdiction to prosecute criminal violations of the Code, that statute would conflict with the express provisions of County Law § 927 which gives the city’s District Attorneys jurisdiction to prosecute "all crimes and offenses” within their respective counties. The local law would be violative of Municipal Home Rule Law § 11 (1) (e) and be void. (See, Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 107 [1983].)
Although the criminal charges here are misdemeanors and may be prosecuted in the New York City Criminal Court, they also may be prosecuted in the Supreme Court, because the Supreme Court in New York City, pursuant to article VI, § 7 of the NY Constitution, is a court of general original jurisdiction. The only methods of prosecuting these charges in Supreme Court would be by an indictment filed by a Grand Jury or a superior court information filed by a District Attorney (CPL 210.05). Only a "District Attorney” as defined in CPL 1.20 (32) may appear before a Grand Jury to present evidence, give legal advice, sign an indictment, or sign and file a superior court information. (CPL 190.25 [3] [a]; [6]; 190.55 [2]; 200.50 [9]; 195.20, 210.05.) The definition of "District Attorney” pursuant to CPL 1.20 (32), where appropriate, may include Assistant District Attorneys, Special District Attorneys, the Attorney-General, Assistant, Deputy or Special Attorneys-General. The local office of Corporation Counsel is not included. The presence of the Corporation Counsel as an unauthorized prosecutor before a Grand Jury would require dismissal of any resulting indictment (People v Di Falco, 44 NY2d 482 [1978]).
Further, CPL 190.55 (1) allows a Grand Jury to "hear and examine evidence concerning the alleged commission of any offense prosecutable in the courts of the county”. Even if it chooses not to indict, the Grand Jury may, pursuant to CPL 190.70 (1), "direct the district attorney to file in a local criminal court a prosecutor’s information”. If only the Corporation Counsel could prosecute, the Grand Jury would be severely hampered in fulfilling its responsibilities. Therefore, the District Attorney should be deemed to have concurrent jurisdiction to prosecute violations of the Code.
Finding that the District Attorney has concurrent jurisdiction is a result of application of basic principles of statutory construction so as to avoid interpretations of the Code that are unconstitutional or result in changes of long-established *290 jurisdictional rules of law in the absence of a clear manifestation of a legislative intent to do so. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [c]; § 153.)
People v Ifill (127 Misc 2d 678 [Sup Ct, Kings County 1985]) on which the defendant relies is distinguishable. In Ifill, the defendant was prosecuted by the District Attorney for selling real estate without a license in violation of Real Property Law article 12-A. The conviction was set aside by the trial court upon a finding that only the Attorney-General could properly prosecute, citing Real Property Law § 442-e which stated that such criminal violations "shall be prosecuted by the attorney general”. The People did not appeal from that dismissal and, thus, there is no appellate guidance on the question.
The defendant’s reliance on Ifill (supra) is misplaced, although the language in section 27-2110 (a) of the Code is similar to section 442-e of the Real Property Law. The issue in Ifill was whether the State Legislature intended to supersede local District Attorneys of jurisdiction to prosecute a particular State law offense by naming the Attorney-General as prosecutor. While the State Legislature has the power to do this (the Attorney-General may present matters to a Grand Jury and prosecute crimes in all courts), the City Council does not have the power to supersede a local District Attorney and create an offense that can be prosecuted only by the Corporation Counsel in the Criminal Court. Such a provision would conflict with State law regarding the jurisdiction of the District Attorney, the Grand Jury and the Supreme Court and thus be void. (Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, supra.)
The defendants alternatively argue that even if the District Attorney has concurrent jurisdiction to prosecute, this court, as a matter of discretion, should direct that the matter be returned to Housing Court where the defendants may be subject to punishment for their alleged noncompliance with the prior orders of that court. This court finds that to do so would constitute a "dismissal in the furtherance of justice” of the instant charges and the defendants have not shown entitlement to such relief (CPL 170.40).
Although this matter apparently has had a six-year history in Housing Court, there is no evidence that the criminal penalties enacted by the City Council were intended to be inapplicable when the Corporation Counsel first undertakes to resolve by civil proceedings a violation of the Housing Mainte *291 nance Code in the Housing Court. Such an interpretation would be the final chapter in the moribund history of article 3 of subchapter 5 of the Code. Although article 3 has rarely, if ever, been used by either the Corporation Counsel or the city’s District Attorneys to enforce the Code, a real potential of separate criminal proceedings should result in speedier resolution of these cases in Housing Court. This is apparently what was intended when the criminal penalty provisions of article 3 were enacted.
For the foregoing reasons, the defendants’ motion to dismiss is denied.