OPINION OF THE COURT
John S. Lockman, J.
Motion to strike jury demand dismissed without prejudice to renewal upon substitution of proper counsel.
Cross motion to disqualify petitioner’s attorneys granted. Cross motion to dismiss petition adjourned to December 15, 1989. Respondents directed to forthwith comply with CPLR *1038 321 (c) by personal service of this order upon the Attorney-General.
Petitioner, as the statutorily designated agent of the New York Power Authority (NYPA) claims to have acquired certain property of the respondent pursuant to Public Authorities Law § 1007 (10), Highway Law § 30 and EDPL 402 (A). It commenced summary proceedings. Respondents answered and move to disqualify petitioner’s attorneys, citing section 1007 (10) of the Public Authorities Law, which grants the Commissioner of Transportation, upon request of the NYPA, the right to acquire property and "where necessary, remove the owner * * * according to the procedure provided by section thirty of the highway law”.
Section 30 (7) of the Highway Law states in pertinent part: "7. If, at or after the vesting of title to such property in the people of the state of New York in the manner provided for in the eminent domain procedure law, the commissioner of transportation shall deem it necessary to cause the removal of an owner or other occupant from such property, he may cause such owner or other occupant to be removed therefrom by proceeding in accordance with section four hundred five of said law. The proceeding shall be brought in the name of the commissioner of transportation as agent of the state. If any person proceeded against shall contest the petition by an answer, the attorney general shall be notified, and he thereafter shall represent the petitioner in the proceedings. ” (Emphasis added.)
Without addressing the statutory mandate, petitioner relies upon an Assistant Attorney-General’s affidavit that states "neither the Department of Law nor the Department of Transportation had objection to the use of outside counsel in this matter and that they were authorized to proceed with the required eviction proceedings”.
He also alleged compliance with Executive Law § 63 (1).
This representation fails to meet the criteria of Executive Law §63 (7) which sets forth the powers of the Attorney-General. "7. * * * He may with the approval of the governor retain counsel to recover moneys or property belonging to the state, or to the possession of which the state is entitled, upon an agreement that such counsel shall receive reasonable compensation, to be fixed by the attorney-general, out of the property recovered, and not otherwise. ” (Emphasis added.)
Since no proof has been offered that any of the emphasized *1039 requirements have been met and no statutory or judicial authority presented to overcome the mandate of Highway Law § 30 (7), the motion to disqualify must be granted. (Cf., Matter of Moe v Kuriansky, 120 AD2d 594 [2d Dept 1986]; People v Ifill, 127 Misc 2d 678.)
Petitioner’s counsel became disqualified upon the respondents’ filing of an answer (Highway Law § 30 [7]). Its motion to strike the jury demand is, therefore, dismissed without prejudice to renew should the Attorney-General be so inclined.
CPLR 321 (c) requires a stay when an attorney is removed, necessitating the adjournment of the motion to dismiss.