■ In the Matter of OKSLEN ACUPUNCTURE P.C., Appellant, v ANDREW M. CUOMO, as Attorney General of the State of New York, Respondent. [925 NYS2d 827]—

Order and judgment (one paper), Supreme Court, New York County (O. Peter Sherwood, J.), entered April 14, 2010, which denied the petition seeking, inter alia, to compel respondent to investigate and prosecute nonparty National Insurance Crime Bureau for its alleged criminal violations of article 7 of the General Business Law, and granted respondent's cross motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Dismissal of this proceeding on the ground that it seeks to compel discretionary acts was proper (*see Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]; *see also People v Bunge Corp.*, 25 NY2d 91, 97 [1969]). General Business Law § 85 does not mandate that respondent prosecute all alleged violations of General Business Law article 7. Rather, the relevant language of that provision, namely that "[c]riminal action for violation of this article shall be prosecuted by the attorney-general," is jurisdictional. The term "shall" in the section means that violations will be prosecuted by respondent as opposed to a district attorney, who ordinarily would have jurisdiction to prosecute criminal activities (*see e.g. People v Ifill*, 127 Misc 2d 678, 680 [Sup Ct, Kings County 1985]). Petitioner points to nothing in the provision requiring respondent to prosecute particular matters or take specific action.

We have considered petitioner's remaining contentions, including that a special prosecutor should be appointed, and find them unavailing. Concur—Andrias, J.P., Friedman, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 27 Misc 3d 1203(A), 2010 NY Slip Op 50534(U).]**